IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAWRENCE HOLUB,

    Petitioner,

v.                                          Civil Action No. 2:09cv62
                                            (Judge Maxwell)

UNITED STATES OF AMERICA,

    Respondents.

## REPORT AND RECOMMENDATION

### I. Factual and Procedural History

On this day, the above-styled matter came before the Court for consideration of the petitioner's "Motion for Relief From Judgement (sic) Under Rule 60(b) of the Federal Rules of Civil Procedure and its Independent Action Savings Clause."

In his motion, the petitioner asserts that on December 28, 1993, he was indicted by a Federal Grand jury sitting in Los Angeles, California, of one count unlawful importation of 4,435 grams of cocaine and one count of unlawful possession of, with the intent to distribute, 4,435 grams of cocaine. On July 20, 1994, a jury found the petitioner guilty of both charges. The petitioner was sentenced to 262 months imprisonment on April 17, 1995. See United States v. Holub, 2:93cr1089 (C.D.CA. July 22, 1996).

In the motion, the petitioner asserts that this Court has jurisdiction to hear this case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and its independent savings clause. In support of his motion, the petitioner asserts that his conviction and sentence were a result of fraud upon the court. According to the petitioner, his appellate counsel, along with the Assistant United States

Attorney handling his case, "participate[d] in a well-planned and carefully executed scheme to perpetrate a fraud upon the Court by intentionally presenting fraudulent evidence to the Court through their briefs with regard to Plaintiff's direct appeal of the district court's denial of his motion to dismiss the indictment for violation of his Speedy Trial Act rights." Motion at 4. More specifically, the petitioner asserts that the parties fraudulently altered the date "as to when the government's motion *in limine* was heard and ruled upon by the trial court judge . . ." *Id.* This fraudulent alteration allegedly "affected and harmed the judicial machinery process and the decision of the U.S. Court of Appeals, as the Court was prevented from performing its usual impartial task of reviewing, de novo, the district court's denial of his motion to dismiss the indictment for violation of his Speedy Trial Act rights." *Id.*

## II.  Issues Presented

In this proceeding, the petitioner presents the following issues:

(1) Does the existence of fraud upon the court . . . during the Plaintiff's direct appeal . . . call into question the very legitimacy of the judgement (sic) and comprise extraordinary circumstances warranting relief from judgement (sic) under Federal Rules of Civil Procedure 60(b) and the independent savings clause that rule preserves?

(2) Were Plaintiff's Speedy Trial Act rights violated by the trial of the case being conducted beyond the 70 day time limit mandated under 18 U.S.C. § 3161(c)(1) of the Speedy Trial Act?

## III.  Analysis

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence,

surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment." However, motions made pursuant to (1), (2) or (3) must be made within one year after the judgment, order or proceeding was entered. Fed.R.Civ.P. 60(b). In addition, "[t]his rule does not limit the power of a court to entertain an independent action to relieve the party from a judgment, order, or proceeding . . ." *Id.* (commonly called the "independent action clause").

The Fourth Circuit Court of Appeals has noted that a party often seeks to overturn a judgment after the judgment has become final and all other direct and collateral avenues for relief are closed. See Weisman v. Charles E. Smith Management, Inc., 829 F.2d 511, 513 (4th Cir. 1987). In these circumstances, the party has three options: (1) file a motion under Rule 60(b)(3) for relief based on fraud, misrepresentation or other misconduct; (2) seek to set aside the judgment based on a theory of a fraud upon the court; or (3) challenge the judgment pursuant to an independent action in equity. *Id.* In this case, the petitioner challenges his conviction and sentence under all three options. However, the proper forum to assert that a fraud has been perpetrated on the court is in "the court which allegedly was a victim of that fraud." *Id.* (citing Universal Oil Co. v. Root Refining Co., 328 U.S. 575, 580-81 (1946)).

The petitioner's conviction and sentence in this case were imposed by the United States District Court for the Central District of California. In addition, it appears that the petitioner's judgment of conviction became final on or about July 22, 1996, when it was affirmed on appeal to the Ninth Circuit. See United States v. Holub, *supra*, at dckt. 115. Thus, to the extent that the

3

petitioner seeks relief from his conviction and sentence pursuant to Rule 60(b)(3), or seeks to set aside his judgment on the theory of fraud, this Court is not the proper forum in which to raise these claims and the petitioner is otherwise time-barred from doing so.

To the extent that the petitioner moves for an independent action in equity pursuant to Rule 60(b), such an action in equity is appropriate only in highly exceptional cases to prevent a miscarriage of justice. See United States v. Beggerly, 524 U.S. 38, 46 (1998). In this case, assuming this Court has the authority to examine this claim, the petitioner has failed to show that exceptional circumstances exist or that a miscarriage of justice will occur if his claim is not considered under Rule 60(b)'s independent action clause. A review of the petitioner's criminal case file in the Central District of California shows that the petitioner has repeatedly challenged his conviction on speedy trial grounds. See United States v. Holub, *supra*, at dckt. 218. In fact, the petitioner made such a challenge prior to sentencing, on direct appeal, and in some of his six or more actions filed pursuant to 28 U.S.C. § 2255. *Id.* The petitioner has received adequate and appropriate review of this claim. The fact that none of those proceedings have wielded the results the petitioner seeks, is not grounds for an independent action in equity.

### IV. Recommendation

For the foregoing reasons, the undersigned recommends that the petitioner's Motion for Relief From Judgment Under Rule 60(b) of the Federal Rules of Civil Procedure (dckt. 1) be **DENIED** and this case be **DISMISSED with prejudice** from the active docket of this Court.

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such

objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner be certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: July 2, 2009.

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE